**SEITZ, Plaintiff-Appellant, v SEITZ, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21037.   Decided July 6, 1948.

Sheldon D. Clark, for plaintiff-appellant.
Bernard J. McCluskey, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This cause comes to this court on appeal on questions of law prosecuted by the plaintiff, from a judgment entered against her on her petition for divorce. In the trial court the defendant filed a cross-petition and the court found against him thereon but no appeal has been taken from that judgment.

It is the claim of the plaintiff that the judgment of the court is against the manifest weight of the evidence.

After a consideration of the record two of the judges of this court are of the belief that the plaintiff's appeal is well taken and that the judgment entered against her on her petition should be reversed as manifestly against the weight of the evidence and the case remanded for further proceedings. The other member of this court believes the judgment should be affirmed.

The sole question here presented is whether or not a reversal may be ordered by the concurrence of two members of this court, this being an action tried to the court without the intervention of a jury.

**Section 6 of Article IV of the Constitution of Ohio,** prior to the amendment, effective Jan. 1, 1945, in part provides:

"No judgment of a court of common pleas, a superior court or other court of record, shall be reversed, except by the concurrence of all the Judges of the Court of Appeals on the weight of the evidence and by a majority of such court of appeals upon all other questions. * * *."

Under this provision there could be no question but that in this case there could not be a reversal on the weight of the evidence except by the concurrence of all three judges of the court of appeals.

**Section 6 of Article IV of the Constitution of Ohio** was amended effective January 1, 1945, to read in part as follows:

"* * * No judgment of any court of record entered **on the verdict of a jury,** shall be set aside or reversed on the weight of the evidence except by the concurrence of all three judges of a court of appeals. Only a majority of such court of appeals shall be necessary to pronounce a decision, make an order, or enter a judgment upon all other questions. * * *." (Emphasis ours.)

The wording of the amendment when considered in the light of the history of the section, leaves no doubt but that it was intended that on all other questions, except the question of a reversal of a judgment, entered upon the verdict of the jury, because it is manifestly against the weight of the evidence, the concurrence of a majority of the court of appeals should be sufficient to reverse a judgment of the trial court. The rule as thus stated, would certainly include a decree for divorce which is a special statutory proceeding in which there is no right to trial by jury.

The claim that this part of Section 6 of Art. IV as amended effective Jan. 1, 1945, is not self-executing, is not well taken. While there are some parts of this section as amended that require legislative action to make them effective, such fact is not true as to the provision here under consideration. The provision is clear and unambiguous in conferring certain powers on the judges of the courts of appeals over the judgments of trial courts of record inferior in jurisdiction. The legislature could not have added or substracted from these powers thus conferred on the court of appeals. The rule is clearly stated that it requires a concurrence of all three of the judges of the court of appeals to reverse a judgment of a trial court entered upon a verdict of the jury, where such reversal is for the reason that it is manifestly against the weight of the evidence and that as to all other questions a majority of the judges of the court of appeals may enter an order of reversal or a modification or affirmance of a judgment which has been properly brought to it on appeal.

The judgment here before us being one entered by the court without the intervention of a jury, a reversal for the reason that it is manifestly against the weight of the evidence can therefore be entered upon the concurrence of two of the judges of this court. The judgment is therefore reversed and the cause remanded for further proceedings according to law for the reason that the judgment is manifestly against the weight of the evidence.

MORGAN, J, concurs.

HURD, J, dissents for the reason that he does not believe that the judgment of the Common Pleas Court is against the manifest weight of the evidence.